**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

In re:                                    *

**IDEAL ELECTRICAL SUPPLY**        *    Case No. 09-01084
**CORPORATION,**
                                          *    (Chapter 11)
       Debtor.
*    *    *    *    *    *    *    *    *    *    *    *    *

**OBJECTION TO CLAIM OF LEVI FOSTER**

TO:     Levi Foster ("Foster")

FROM:   Ideal Electrical Supply Corporation (the "Debtor")

**You must file any response to this objection within thirty (30) days after the date of service of this Objection, together with the proposed order required by Local Bankruptcy Rule 9072-1 and any documents and other evidence you wish to attach in support of your claim. Any response to this Objection must be filed with the Clerk of the United States Bankruptcy Court, 333 Constitution Avenue, N.W., Washington, D.C. 20001, and a copy must be served on the undersigned counsel for the Debtor. You may request a hearing, which may be held in the Court's discretion. If no response is filed, the Court may rule on the objection with or without a hearing.**

**Jurisdiction**

1.     This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     This matter is a core proceeding pursuant to 28 U.S.C. §157.

3.     The relief sought with this Objection is based on Section 502 of the United States Bankruptcy Code, Federal Rule of Bankruptcy Procedure 3007, and Local Bankruptcy Rule 3007-1.

1

#1298067v.1

**Background**

4.  The Debtor filed its petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on December 7, 2009 (the "Petition Date").

5.  Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor remains in possession of its assets and has continued the operation and management of its business in this reorganization case.

**The Foster Claim**

6.  On February 25, 2010, Foster filed a proof of claim asserting an unsecured claim in the amount of $268,000 [Claim No.11] (the "Foster Claim"). The basis of the Foster Claim is listed as "breach of employ. agmt". Attached to the Foster are copies of (i) a breakdown of how Foster calculated the Foster Claim; and (ii) an employment agreement between the Debtor and Foster dated May 1, 2009 (the "Employment Agreement"), which is also attached to this Objection as **Exhibit 1.**

7.  As evidenced by the supplemental documents attached to the Foster Claim, the sole basis of the Foster Claim is severance benefits from the Debtor to which Foster claims he is entitled.

**Relief Requested**

8.  Pursuant to Section 502 of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 3007 and Local Bankruptcy Rule 3007-1, the Debtor objects to the Foster Claim because Foster is not contractually entitled to receive any funds from the Debtor, and therefore has no allowed claim.

9.  Pursuant to the Employment Agreement, Foster was employed by the Debtor as its Chief Operating Officer on or about May 1, 2009.

10. On December 4, 2009, the Debtor terminated Foster's employment without cause, as evidenced by a termination letter of even date (the "Termination Letter"), attached as **Exhibit 2**.

11. As was specified in the Termination Letter, Foster would have been entitled to receive certain severance benefits pursuant to the Employment Agreement, provided that he sign a release (the "Release") that was provided to him with the Termination Letter on December 4, 2009, and which was also attached as Exhibit A to the Employment Agreement.

12. Specifically, Section 6.1 of the Employment Agreement outlines the severance benefits potentially available to Foster, and Section 6.4(c) provides that "Before the payment of any severance amounts, and as partial consideration for such severance, Foster will be required to execute a general release of Company…in the form attached hereto as Exhibit A and made a part hereof…"

13. The Release further states that Foster "[had] fifteen [15] calendar days from the date you receive this document to consider whether to sign this Release," which gave Foster until December 19, 2009, to execute the Release and become entitled to receive severance benefits from the Debtor.

14. As of December 23, 2009, Foster had not executed the Release. In an attempt to resolve this matter with Foster, Debtor's counsel sent a letter to Foster's attorney indicating that the Debtor would extend the deadline to execute the Release until December 31, 2009. However, Foster did not execute the Release by that date, and in fact, has never executed and delivered a copy of the Release to the Debtor.

15. Accordingly, Foster is not entitled to receive any severance benefits from the Debtor, and his claim must be disallowed in its entirety.

### Reservation of Rights

16.     The Debtor reserves the right to amend, supplement, revise, object or otherwise respond to the Foster Claim on any and all additional factual or legal grounds relevant to such claim and, without limiting the foregoing, reserves the right to (i) amend this Objection, (ii) file additional papers in support of this Objection, (iii) file additional objections to other claims, and (iv) take all other appropriate actions to respond to any allegation or defense that may be raised in a response filed by or on behalf of Foster.

### Notice

17.     Notice of this Objection was provided to (i) the United States Trustee, (ii) Foster and his legal counsel, and (iii) all parties that filed a notice of appearance and request for service of papers pursuant to Federal Rule of Bankruptcy Procedure 2002.  The Debtor submits that the aforesaid notice provides notice to all parties in interest who have an actual or potential interest in the subject matter of this Objection and satisfies all requirements of the Bankruptcy Code and Federal and Local Rules of Bankruptcy Procedure.

### No Memorandum of Law

18.     The Debtor submits that no novel issue of law is presented with respect to the matters contained herein. Accordingly, the Debtor will not file a brief or memorandum in support of this Objection and relies solely on the grounds and authorities set forth herein.

WHEREFORE, the Debtor requests that the Court enter an Order:

A.     Sustaining the Debtor's Objection to the Foster Claim as described herein;

B.     Striking and disallowing and expunging the Foster Claim in its entirety.

C.     Granting such other and further relief as is just appropriate.

[SIGNATURE ON NEXT PAGE]

#1298067v.1

| | |
|---|---|
| Dated: June 4, 2010 | /s/Alan M. Grochal |
| | /s/ Catherine K. Hopkin |
| | Alan M. Grochal (Bar No. 315218) |
| | Catherine Keller Hopkin (Bar No. 976744) |
| | Tydings & Rosenberg LLP |
| | 100 East Pratt Street, 26th Floor |
| | Baltimore, Maryland  21202 |
| | Telephone (410) 752-9700 |
| | agrochal@tydingslaw.com |
| | chopkin@tydingslaw.com |
| | Attorneys for Debtor |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of June, 2010, a copy of the foregoing Objection to Claim of Levi Foster was served via either electronic mail or first class mail to all parties on the attached matrix and to:

Levi R. Foster
6508 Bannockburn Drive
Bethesda, MD 20817

James M. Hoffman, Esq.
Offit Kurman, P.A.
4800 Montgomery Lane
9th Floor
Bethesda, MD 20814
*Counsel for Debtor and*
*Address Listed on Proof of Claim*

                                         /s/Catherine Keller Hopkin
                                         Catherine Keller Hopkin

Ideal Matrix                                      Updated 6/4/10

| | | |
|---|---|---|
| **American Recovery Svc.**<br>555 Charles Drive, Suite 100<br>Thousand Oaks, CA 91360 | **Colonial Electrical Supply Co.**<br>P.O. Box 414564<br>Boston, MA 02241-4564 | **Elliott Industries, Inc.**<br>1509 Hamilton Road<br>P.O. Box 6388<br>Bossier City, LA 71171 |
| **Electrical Cable Specialists**<br>6680-C Jones Mill Court<br>Norcross, GA 30092 | **GE Lighting**<br>2279 Collections Center Drive<br>Chicago, IL 60693 | **General Electric Co.**<br>P.O. Box 402497<br>Atlanta, GA 30384 |
| **LittelFuse, Inc.**<br>12858 Collection Center Drive<br>Chicago, IL 60693 | **Makita USA, Inc.**<br>P.O. Box 60459<br>Los Angeles, CA 90060 | **Philips Lighting Company**<br>P.O. Box 100194<br>Atlanta, GA 30384-0194 |
| **Republic Wire, Inc.**<br>P.O. Box 633404<br>Cincinnati, OH 45263 | **V. Vyllorya A. Evans**<br>732 3rd Street, SW<br>Washington, DC 20024 | **Vanton Pump**<br>201 Sweetland Avenue<br>Hillside, NJ 07025 |
| **Virginia Dept. of Taxation**<br>P.O. Box 26626<br>Richmond, VA 26626 | **WO Grubb Steel Erection Corp.**<br>5120 Jefferson Davis Hwy.<br>Richmond, VA 23234 | **Wash. Dvlpmt. Ind. Council**<br>218 D Street, SE<br>Washington, DC 20003 |
| **Robert M. Moore**<br>**Kristen A. Bennett**<br>**Moore & Lee LLP**<br>1650 Tysons Boulevard<br>Suite 1650 | **Richard Costella, Esquire,**<br>**Miles & Stockbridge P.C.**<br>10 Light Street<br>Baltimore, Maryland 21202 | **Office of the US Trustee**<br>115 South Union Street<br>Suite 210,<br>Alexandria, Virginia 22314 |
| **James M. Greenan, Esquire**<br>MCNAMEE HOSEA<br>6411 Ivy Lane, Suite 200<br>Greenbelt, Maryland 20770 | **M. Ruthie Hagan**<br>88 Union Ave., Suite 700<br>Memphis, TN 38103 | **Brian W. Craver, Esq.**<br>Person & Craver LLP<br>1801 K Street, NW<br>Washington, DC 20006 |
| **American Express Travel Services**<br>c/o Gilbert B. Weisman, Esquire<br>Becket & Lee LLP<br>P.O. Box 3001<br>Malvern, PA 19355 0701 | **Traffic Systems & Technology**<br>7853 Coppermine Drive<br>Manassas, VA 20109 | **Osburn Associates, Inc.**<br>P.O. Box 912<br>Logan, OH 43138 |
| **General Electric Co. – Light**<br>2279 Collection Ctr.<br>P.O. Box 402497<br>Chicago, IL 60693 | **Dell Marketing**<br>P.O. Box 676021<br>Dallas, TX 75267 | **DLY Realty Group, LLC**<br>P.O. Box 70683<br>Bethesda, MD 20813 |

#1298067v.1