The document below is hereby signed.

Signed: December 16, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | Case No. 09-01084 |
| IDEAL ELECTRICAL SUPPLY | ) | (Chapter 11) |
| CORPORATION, | ) | |
| | ) | **Not for Publication in** |
| Debtor. | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION RE MOTION TO RECONSIDER
<u>RULING REGARDING THE OBJECTION TO CLAIM OF LEVI FOSTER</u>

Levi Foster has filed a motion requesting the court to reconsider its ruling regarding his proof of claim. The court disallowed Foster's claim for severance compensation after his employment was terminated. His employment agreement had required him to execute a release within a specified time frame if he was to be entitled to receive severance compensation. He failed to execute the release. Accordingly, he was, and remains, not entitled to receive severance compensation.

The gist of his contentions in seeking reconsideration is that his employment agreement was an executory contract, and that upon rejection of the executory contract he will have a claim against the estate based on treating the rejection as a breach of the executory contract as of the petition date. A debtor in

possession, exercising the powers of a trustee, may either assume or reject an executory contract.  Even if the employment agreement is treated as an executory contract as of the petition date, neither assumption nor rejection would alter the fact that Foster failed to undertake the act of executing a release so that he would be entitled to receive severance compensation for a period of time after his employment was terminated.

Upon *assumption* of the executory contract:

- Had Foster timely executed the release, Foster would have an administrative claim against the estate for severance pay.
- Had Foster *not* timely executed the release (which is what occurred), Foster would have no administrative claim under the assumed executory contract for severance pay because he did not meet the condition precedent for being entitled to receive severance pay.

Upon *rejection* of the executory contract:

- Had Foster timely executed the release, Foster would have a claim against the estate for the stream of severance payments to which he would have been entitled by reason of executing the release, with the court treating Foster's claim as general unsecured claim against the estate for a stream of severance payments deemed due and owing as of the petition date.

- Had Foster *not* timely executed the release (which is what occurred), Foster would have no claim under the executory contract for severance pay because he did not meet the condition precedent to receiving severance pay.

Accordingly, the court's reasoning in its original decision remains valid regardless of whether the employment contract is treated as an executory contract or not an executory contract.

Foster also appears to argue that because of a failure of consideration he did not have to execute the release. Foster contends that because Ideal declared bankruptcy four days after his termination, it was barred upon filing the bankruptcy case to make his salary payments as required by the Employment Agreement and, therefore, it provided no consideration for the execution of the General Release. I fail to understand this argument.

The consideration in exchange for Foster's execution of the General Release was the **promise** of future salary payments. The intervening bankruptcy had no effect on this promise. As explained above, to the extent the Employment Agreement was executory postpetition and Foster had signed the General Release (thereby entitling him to severance payments), he would have had either an administrative claim against the estate for the full amount of the severance and payable in full upon the effective date of the plan or, were Ideal to have rejected the contract, an

unsecured claim against the estate in the full amount of Foster's severance entitlements, subject, however, to Ideal's rights under the Bankruptcy Code to obtain confirmation of a plan that might provide for less than full payment and pay the claim over an extended period.  *See, e.g.*, 11 U.S.C. § 1129(a)(7).  Regardless, the consideration was the promise to pay.  Ideal's filing of bankruptcy and how it decided to treat Foster's claim therein is irrelevant to whether there would have been consideration for Foster's execution of the release.

Foster next contends that the employment agreement itself did not contain a deadline for executing the release.  The agreement, however, attached the release that Foster was required to execute, and made that release part of the agreement.[1]  That release contained the deadline for execution, and that deadline became part of the agreement.

Finally, Foster concludes his motion by contending that the court should allow his claim under equitable considerations.  Specifically, Foster argues that he should not have been required

---

[1] Section 6.4(c) reads as follows:
> Release.  Before the payment of any severance amounts, and as partial consideration for such severance, Foster will be required to execute a general release of Company, its Existing Shareholders, Officers, Directors, and agents in the form attached hereto as Exhibit A **and made a part hereof**, and satisfactorily return any Company materials (including passwords or similar intellectual property) within Foster's possession. (Emphasis added).

to sign the General Release and be subject to a covenant not to compete when his severance would then be subject modification under the debtor's bankruptcy plan. The problem with this argument, however, is that the Bankruptcy Code has always been in play. It is well established that every contract is deemed to be made with the bankruptcy laws being part of the terms of the contract. The potential effects of a later bankruptcy case were part of the terms of the contract.

Illustratively, had Ideal filed for bankruptcy 30 days after terminating Foster (or 15 days after he executed the release and became entitled to severance under the agreement), he would still have been subject to Ideal's right to modify the payment of his claim under the Bankruptcy Code subject to the limitations of § 1129. These potential effects of a later bankruptcy case were rights that existed prior to Foster's execution of the Employment Agreement and, as existing legal rights, were rights that counsel representing Foster in negotiating the agreement were presumably aware of. In other words, these underlying bankruptcy rights represented part of the bargain. Foster cannot now invoke equity to save him from his bargain, especially given the fact Foster has still failed to execute the General Release that is a condition precedent to his receiving severance under the Employment Agreement in the first instance.

For the foregoing reasons Foster's motion to reconsider is

denied.  A separate order follows.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Office of United States Trustee; James M. Hoffman, Esq.